**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHIE F. LEVINE** : | |
| 548 US Highway 15 : | |
| South Williamsport, PA 17702-7024, : | CIVIL CASE NO. 4:07-cv-1966 |
| : | |
| **Plaintiff(s)** : | |
| : | |
| vs. : | |
| : | |
| **KELLY SERVICES, INC.** : | |
| 460 Market Street : | |
| Suite 116 : | |
| Wilkes Barre, PA 17701-6321 : | |
| : | |
| : | |
| **VERIFICATIONS, INC.** : | |
| 1425 Mickelson Drive : | |
| Watertown, SD 57201-5305, : | |
| : | |
| **Defendant(s)** : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**VERIFICATIONS, INC'S MOTION TO DISMISS**
**PURSUANT TO RULE 12 (b) (6)**

**I. PROCEDURAL HISTORY**

On October 26, 2007, Plaintiff Richie F. Levine filed a Complaint in the United States District Court for the Middle District of Pennsylvania, alleging that Defendant Kelly Services, Inc., and Defendant Verifications, Inc., violated the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* Plaintiff alleges the following violations of the Fair Credit Reporting Act:

(A) Refusal to disclose on request the nature and scope of investigation;

(B)     Failure to provide the entire nature and substance of all information in its files upon request;

(C)     Conspiracy between Defendant Kelly Services, Inc., and Defendant Verifications, Inc., to violate duties imposed under the Fair Credit Reporting Act;

(D)     Failure to disclose information on a consumer report as required by statute;

(E)     Knowing an intentional failure to provide appropriate disclosure of Kelly Services behavior matrix;

(F)     Negligence.

## II.     **FACTS**

In Plaintiff's Complaint, Plaintiff admits that on or about August 19, 2004, Plaintiff pled guilty in New York State Courts to one count of attempted dissemination of pornographic materials to a minor. On or about August 31, 2007, Defendant Kelly Services, Inc., requested a background investigation report on Plaintiff Richie Levine to be performed by Defendant Verifications, Inc. The report generated by Defendant Verifications, Inc., included information about Plaintiff's criminal record in New York State. The background investigation report was generated as part of Defendant's application for employment with Defendant Kelly Services, Inc.

On or about September 17, 2007, Defendant Kelly Services informed Plaintiff that an offer of employment would not be made.

On or about September 24, 2007, Plaintiff requested information from Defendant Kelly Services regarding Kelly Services' behavior matrix, criminal policy during the hiring process, task instruction, and background screening for applicants and temporary employees. Plaintiff alleges that this information was never provided.

## III. LEGAL ARGUMENT

Pursuant to the provisions of Federal Rule of Civil Procedures 12(b)(6), dismissal of a Complaint should only occur where it appears that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Connolley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal is appropriate, "only if, after accepting as true all of the facts alleged in the Complaint, and drawing all reasonable inferences in the Plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the Complaint." Trump Hotel & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F. 3rd 478, 483 (3rd Cir. 1998) (*citing*, ALA, Inc. v. CCair, Inc., 29 F. 3rd 855, 859 (3rd Cir. 1994).) If a Court can be certain that no relief can be granted under any set of circumstances which could be proved, a dismissal under R 12(b)(6) may be granted. Steamfitters Local Union #420 Welfare Fund v. Philip Morris, Inc., 171 F. 3rd 912, 919 (3rd Cir. 1999), *citing* City of Pittsburgh v. West Penn Power Co., 147 F. 3rd 526 262n12 (3rd Cir. 1998). §604 of the Fair Credit Reporting Act permits consumer reports to be generated for employment purposes. 15 U.S.C. §1681B.

In this matter, Plaintiff admits in his Complaint that "on or about August 19, 2004, Plaintiff pled guilty in New York State to one count of attempted dissemination of indecent material to a minor in the first degree." See, Plaintiff's Complaint, p2. Plaintiff does not allege that were any inaccuracies in the report provided by Verifications. Verifications' report echoed the information provided by Plaintiff in his Complaint. There are no inaccuracies alleged in the Verifications report.

## IV. **CONCLUSION**

In conclusion, if the Court accepts as true all the facts alleged in the Complaint, and drawing all reasonable inferences in Plaintiff's favor, there is no set of facts under which can be granted against Defendant, Verifications, Inc. Verifications provided an accurate background report in connection with an application for employment and has met all the criteria as required by the Fair Credit Reporting Act.

                                              Respectfully submitted,

                                              BRIGGS LAW OFFICE, LLC

Date:  February 15, 2008        BY:_____NWB3521_____
                                              NORMAN W. BRIGGS, Esquire
                                              300 Walnut Street, Suite 2
                                              Philadelphia, PA  19106
                                              (215) 925-4632
                                              Attorneys for Defendant
                                              Verifications, Inc.
                                              e-mail: nbriggs@thebriggslaw.com