IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHIE F. LEVINE, : | |
| : | Case No. 4:07-CV-1966 |
| Plaintiff : | |
| : | |
| v. : | (Judge McClure) |
| : | |
| KELLY SERVICES, INC., : | |
| VERIFICATIONS, INC., : | |
| : | |
| Defendants. : | |

**O R D E R**

March 28, 2008

On October 26, 2007, plaintiff Richie F. Levine, pro se, filed a complaint pursuant to 15 U.S.C. § 1681 against defendants Kelly Services, Inc. and Verifications, Inc. Plaintiff also filed a motion to proceed in forma pauperis. (Rec. Doc. No. 2.)

On October 29, 2007, we conducted a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and ordered service upon defendants.

On February 1, 2008, Levine and Kelly Services entered into a stipulation dismissing Kelly Services as a defendant. (Rec. Doc. No. 12.)

On February 15, 2008, Verifications filed a motion to dismiss and a supporting brief. (Rec. Doc. Nos. 14, 16.) No brief in opposition has been filed

1

and the time for doing so has since passed. Nevertheless, we will deny Verifications' motion.

**DISCUSSION:**

### I. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation

by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II.  Allegations in the Complaint

In his complaint, plaintiff alleges that on August 19, 2004, he pled guilty in New York State to one count of Attempted Dissemination of Indecent Material to a Minor in the First Degree. (Rec. Doc. No. 1, at 2.) He further alleges that on June 26, 2007, he was interviewed by Kelly Services in connection with his application for employment. (Id.) On September 17, 2007, a background check was run and plaintiff was found "not eligible for hire." (Id.) Finally, he states that on September 24, 2007, plaintiff sent a letter requesting specific information related to the background check but the information was never provided, in violation of the Fair Credit Reporting Act. (Id.)

## III.  Verifications' Motion to Dismiss

As a preliminary matter, we note that plaintiff has not opposed Verifications' motion to dismiss. Although we will proceed with a merits analysis

3

of Verifications' motion, we nevertheless warn plaintiff that any further neglect of his case could result in a dismissal of the case for failure to prosecute pursuant to the Third Circuit's opinion in Poulis v. State Farm and Fire Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

In its motion, Verifications argues that because plaintiff has not alleged that there were any inaccuracies in the report provided by Verifications, the complaint should be dismissed.  (Rec. Doc. No. 14, at 3.)  Yet, under the Fair Credit Reporting Act, a consumer reporting agency shall upon request clearly and accurately disclose to the consumer : 1) all information in the consumer's file at the time of the request; 2)the sources of the information; and 3) each person who has procured a consumer report.  15 U.S.C. § 1681g(a).  Under this section, it is irrelevant whether the information provided by the consumer reporting agency was accurate; it must be provided to the consumer upon request.  Because plaintiff's complaint, construed liberally, alleges that he requested information from both Kelly Services as well as Verifications and that these requests went unanswered, we find this sufficient to state a claim under 15 U.S.C. § 1681g(a).  Therefore, we will deny Verifications' motion to dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

Defendant Verifications' motion to dismiss is DENIED.  (Rec. Doc. No. 16.)

     s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge